IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAVID SANTIAGO SANCHEZ-ONOFRE

                Petitioner,

        vs.                             Civil Action No.
                                        9:03-CV-0572 (FJS/DEP)

WILLIAM M. CLEARY, Acting Field Office Director,
Detention and Removal, Bureau of Immigration
and Customs Enforcement (ICE), Department
of Homeland Security (DHS),[1]

                Respondent.

_____

APPEARANCES:                      OF COUNSEL:

FOR PETITIONER:

DAVID SANTIAGO SANCHEZ-ONOFRE, *Pro Se*
Wallkill, NY

FOR RESPONDENT:

UNITED STATES DEPARTMENT OF       JAMES W. GRABLE, ESQ.
HOMELAND SECURITY              SP. ASST. U.S. ATTORNEY
District Counsel - Buffalo District

_____

      [1]      By order issued at my direction on July 21, 2003, Peter J. Smith, who at the time was the acting special agent in charge of the Buffalo ICE Field Office, was substituted as a named respondent in the place of Attorney General John Ashcroft, who was named in Sanchez-Onofre's petition. The court has since been advised by respondents' counsel that William M. Cleary is now the acting director of that field office. *See* Dkt. Nos. 9, 10. Accordingly, Acting Director Cleary will be substituted as the named respondent in this action, and the clerk's office will be directed to adjust its records accordingly.

130 Delaware Avenue
Room 203
Buffalo, NY 14202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Petitioner David Santiago Sanchez-Onofre, a citizen of Mexico who
is currently being held in custody pending deportation by federal
authorities to his native country, has commenced this proceeding seeking
habeas review of the removal order requiring that measure.  In his petition
Sanchez-Onofre, who was convicted in a New York state court of
engaging in sexual intercourse with a person under the age of seventeen
– an offense sometimes referred to as "statutory rape" – challenges the
determination that his crime of conviction constituted an aggravated
felony, as that term is defined under the relevant immigration laws, and
additionally asserts that he was wrongfully denied consideration for
discretionary relief from removal under former section 212(c) of the
Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed).

Having carefully considered the arguments raised by Sanchez-
Onofre in light of the administrative record of proceedings before the
agency, I find that his petition provides no basis for the court to grant him

relief from the pending removal order.

I.     BACKGROUND

The petitioner, a native and citizen of Mexico, was admitted into the United States on July 8, 1994 as a lawful permanent resident alien.[2] Administrative Record (Dkt. No. 9) at 96, 159.[3]  Petitioner was married on October 31, 1992 to a United States citizen, and together with his wife has one child.  Petition (Dkt. No. 1) at 1.

In 1996 petitioner was prosecuted in Ulster County for having engaged in sexual intercourse with a minor; that offense is alleged to have occurred on or about September 28, 1996, and the conduct giving rise to that charge is in fact acknowledged by Sanchez-Onofre in his petition. AR 97-102; Petition (Dkt. No. 1) at 1-2.  Following the initiation of criminal proceedings against him, petitioner waived indictment and consented to the filing of a felony information, ultimately entering a plea of guilty on December 6, 1996 to a single count of engaging in sexual intercourse with another person, to whom he was not married, who was less than

_____

[2]     In his petition, Sanchez-Onofre acknowledges that his status became that of a lawful permanent resident on July 8, 1994, but avers that his initial entry into this country occurred prior to February 1, 1990.  Petition (Dkt. No. 1) at 1.

[3]     Portions of the certified administrative record, which was submitted by the respondent with his answer, see Dkt. No. 9, will be cited as "AR __".

seventeen years of age, in violation of N.Y. Penal Law

§ 130.25(2).  AR 97-102; *see also* AT 39.  Plaintiff was subsequently

sentenced on January 13, 1997, based upon that plea, principally to six

months of incarceration.  AR 97.

Removal proceedings were commenced against the petitioner by the

former Immigration and Naturalization Service ("INS") on December 12,

2000, based upon his rape conviction.[4]  *See* 157-61.   Following a hearing

held on October 24, 2001, an oral decision was rendered by the

immigration judge ("IJ") who presided, finding that Sanchez-Onofre was

subject to removal as a result of his rape conviction, which was treated as

an aggravated felony for purposes of the INA.  AR 38-43.  The IJ also

found petitioner to be ineligible for consideration for discretionary relief

from removal under former section 212(c), and therefore ordered his

removal to Mexico.  AR 37-43.  Petitioner's appeal of that removal order to

the Board of Immigration Appeals ("BIA") was dismissed on December 12,

2002.  AR 27-28.  A subsequent effort by petitioner to have the removal

---

[4]     On November 25, 2002, President Bush signed into law the Homeland
Security Act, Pub. L. 107-296, which, *inter alia*, created the new Department of
Homeland Security ("DHS").  Pursuant to the Act, on March 1, 2003 the INS was
dissolved, and its functions were transferred to the DHS.  For the sake of clarity and
continuity, however, I will refer to the agency herein as the INS.

proceedings reopened was denied by the BIA on April 25, 2003.  AR 2-3.

II.    PROCEDURAL HISTORY

Petitioner commenced this proceeding on May 9, 2003.  Dkt. No. 1. At the time of commencement the petitioner, while subject to the removal order, was not being held in custody.  Petitioner was subsequently arrested on September 23, 2003 pursuant to a warrant of removal issued in the removal proceeding, and was transported to the Buffalo Federal Detention Facility in Batavia, New York, where he is being held by the ICE pending disposition of this proceeding.[5]

On September 30, 2003 respondent answered the petition; accompanying that answer was a certified copy of the administrative record before the agency, as well as a legal memorandum. Dkt. Nos. 9, 10.  Petitioner has since filed a reply to the agency's answer.  Dkt. No. 14.

This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

_____

[5]    Petitioner applied to this court for a stay of removal.  Dkt. No. 2.  By order issued by me on November 8, 2004, that request was denied based upon the representation of ICE authorities that petitioner's removal would not be effectuated until this matter was finally disposed of.  Dkt. No. 15.

III.   DISCUSSION

     A.   Jurisdiction

When confronted with a habeas challenge such as that at bar, the court must initially address the question of subject matter jurisdiction. *Atkinson v. INS*, No. 01 CIV. 3432, 2001 WL 1223481, at *3 & n.1 (S.D.N.Y. Oct. 15, 2001) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1013-16 (1998) and *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S. Ct. 162, 165 (1934)).  In this instance, jurisdiction to entertain Sanchez-Onofre's claims is predicated upon 28 U.S.C. § 2241.  That section, which has evolved over time and traces its roots back to the Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 81-82, empowers federal courts to issue habeas writs in cases involving prisoners held "'in custody, under or by colour of the authority of the United States.'"  *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 1461 (1991)).

While as a general rule federal courts retain habeas jurisdiction to examine alien removal orders, the year 1996 brought about broad, sweeping changes to the legal landscape surrounding petitions for review

6

of such orders.  Those changes came in large part as a result of

enactment of the Illegal Immigrant Reform and Immigrant Responsibility

Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, and the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214.  In light of those provisions, including

significantly the IIRIRA, federal courts of appeals, while still permitted to

directly review final orders instructing the removal of aliens from the

United States, are expressly restricted from exercising "jurisdiction to

review any final order of removal against any alien who is removable by

reason of" a conviction for certain specified criminal offenses, including

any aggravated felony.[6]  8 U.S.C. § 1252(a)(2)(C); *see Calcano-Martinez*

*v. INS*, 533 U.S. 348, 350, 121 S. Ct. 2268, 2269-70 (2001).

Following enactment of the IRRIRA and AEDPA some argued, in

reliance upon the Supreme Court's decision in *Reno v. American-Arab*

*Anti-Discrimination Committee*, 525 U.S. 471, 119 S. Ct. 936 (1999), that

judicial review of removal orders is now available only through petition to

the courts of appeals, and subject to the strictures of those statutes, and

---

[6]      Notwithstanding this statutory reduction in the scope of the appellate courts' review in matters such as this, those courts retain the power to examine the threshold question of whether a petitioner is a removable alien subject to removal, or instead a United States citizen. *Drakes v. Ashcroft*, 323 F.3d 189, 190 (2d Cir. 2003).

not by way of a proceeding initiated in district court.  That argument has been laid to rest, however; it is now clear that notwithstanding enactment of the IIRIRA, district courts retain federal habeas jurisdiction to examine removal orders under 28 U.S.C. § 2241, providing, of course, that all other jurisdictional requirements are met.  *Calcano-Martinez,* 533 U.S. at 351-52, 121 S. Ct. at 2270.

Since both parties acknowledge this court's jurisdiction to address the merits of Sanchez-Onofre's petition, and I am satisfied that such jurisdiction exists, I recommend that the court address the merits of the pending petition.

B.    Aggravated Felony

The first portion of Sanchez-Onofre's petition challenges the agency's finding that he was convicted of an aggravated felony. Respondent counters that this finding is well supported, both based upon the record and as a legal matter.

Petitioner's removal was predicated upon his conviction for an aggravated felony.  As utilized in the INA, that term is defined to include, *inter alia*, "murder, rape, or sexual abuse of a minor[.]" 8 U.S.C. § 1101(a)(43)(A).  In this instance the record firmly establishes that

8

Sanchez-Onofre was convicted of rape in the third degree, in violation of N.Y. Penal Law § 130.25(2).[7]  The statutory provision under which the petitioner was convicted has been held, at least in this circuit, to constitute an aggravated felony within the meaning of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43).  *See Mugalli v. Ashcroft*, 258 F.3d 52, 56-61 (2d Cir. 2001).

In his petition, Sanchez-Onofre attempts to distance himself from the potentially dispositive impact of *Mugalli* by contending that he was actually convicted of forcible rape in the first degree, pursuant to N.Y. Penal Law § 130.35(1).[8]  It is difficult to understand how such an argument assists the petitioner in view of the fact that the aggravated felony definition expressly encompasses convictions for rape.  8 U.S.C. §

---

[7]     That section provides, in relevant part, that

[a] person is guilty of rape in the third degree when:

* * *

2.     Being twenty-one years old or more, he or she engages in sexual intercourse with another person less than seventeen years old.

N.Y. Penal Law § 130.25(2).  That section classifies rape in the third degree as a Class E felony under New York law.  *Id.*

[8]     That section prohibits a male from engaging in sexual intercourse with a female "[b]y forcible compulsion[.]"  N.Y. Penal Law § 130.35(1).

9

1101(a)(43)(A).  In any event, this argument must be rejected as factually

unsupported; the records associated with petitioner's Ulster County

conviction establish, without contradiction, that the conviction came under

the statutory rape provisions of section 130.25(2), thus bringing

petitioner's circumstances squarely within the purview of *Mugalli*.

In sum, I find that the agency's determination that petitioner was

convicted in New York state court of an aggravated felony finds ample

support in the record, and should not be disturbed in this habeas

proceeding.

### 3.     Discretionary Relief From Removal

In his second argument, petitioner challenges the failure of the INS

to consider him eligible for discretionary relief from removal under former

section 212(c) of the INA, 8 U.S.C. § 1182(e) (repealed).[9]  In support of

that argument petitioner contends that because his guilty plea and

_____

[9]     Former section 212(c), which afforded discretion to the agency to forego
removal otherwise required by statute, provided that

> [a]liens unlawfully admitted for permanent residence who
> temporarily proceeded abroad voluntarily and not under an
> order deportation, and who are returning to a lawful
> unrelinquished domicile of seven consecutive years, may
> be admitted in the discretion of the attorney general[.]

18 U.S.C. 1182(c) (repealed).

10

conviction predated April 1, 1997, the official sunset date for section 212(c), he should have been entitled to consideration for relief under that section.

Central to Sanchez-Onofre's second argument is his contention that although his guilty plea in this action was rendered after passage of the AEDPA and the IIRIRA, sounding the death knell of section 212(c), he nonetheless should be given the benefit of that section since the plea was entered prior to the date upon which the repeal became effective.  The issue of availability of discretionary relief from removal under section 212(c) after the effective date of repeal of that section was addressed by the Supreme Court in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271 (2001).  *St. Cyr*, however, addressed the retroactive effect of the repeal of section 212(c) in cases of aliens convicted prior to adoption of the repeal provisions in 1996 by guilty plea, finding it manifestly unfair to deny availability of section 212(c) to aliens who, when pleading guilty to aggravated felonies, were unaware of the potential for repeal of that section and the corresponding unavailability in the future of discretionary relief from removal resulting from the criminal conviction.  *St. Cyr*, 533 U.S. at 315-26, 121 S. Ct. at 2277-93; *see also Thom v. Ashcroft,* 369

F.3d 158, 161-63 (2d Cir. 2004).  Although not specifically relied upon by

the Supreme Court in *St. Cyr* as a rationale, the finding of improvidence in

retroactively applying the repeal of section 212(c), as with other civil

statutes, was based in part upon principles reflected in the *ex post facto*

clause, Art. 1, § 10, cl. 1, of the United States Constitution.  *See Alverez-*

*Portillo v. INS,* 280 F.3d 858, 866-67 (8th Cir. 2002) (citing, *inter alia*,

*Landgraf v. USI Film Products,* 511 U.S. 244, 266, 114 S. Ct. 1483, 1497

(1994)).

Unfortunately, given his circumstances, the petitioner is unable to

avail himself of the narrow exception provided under *St. Cyr.*  Unlike those

to whom the exception is available, petitioner entered his plea of guilty to

the rape charge at issue in this case at a time when it was known that

discretionary relief from removal would no longer be available after April,

1997.  The limited exception to provided under *St. Cyr* is therefore not

available to the petitioner.

IV.   SUMMARY AND RECOMMENDATION

The petitioner in this matter entered a plea of guilty, following

enactment of the AEDPA and the IIRIRA, to a crime falling within the

aggravated felony definition which became effective on September 30,

12

1996, prior to the date of his plea.  Petitioner's plea was also entered after enactment of those provisions, which for him had the unfortunate effect of eliminating the availability of discretionary relief from removal in his case. Under these circumstances, the arguments now raised by the petitioner in support of his claim for habeas relief from the legal effect of his pending removal order lack merit.  Accordingly, it is hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects; and it is further

ORDERED that the clerk's office substitute William M. Cleary as the named respondent in this action.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:     December 22, 2004
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\immigration\sanchez-onofre.wpd

14