UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID SANTIAGO SANCHEZ-ONOFRE,

                  Petitioner,

          v.                                        9:03-CV-572
                                                  (FJS/DEP)

WILLIAM M. CLEARY, Acting Field Office
Director Detention and Removal, Bureau
of Immigration and Customs Enforcement (ICE),
Department of Homeland Security (DHS),

                  Respondent.

_____

APPEARANCES                                OF COUNSEL

DAVID SANTIAGO SANCHEZ-ONOFRE
Wallkill, New York 12589
Petitioner *pro se*[1]

UNITED STATES DEPARTMENT OF          JAMES W. GRABLE, SAUSA
HOMELAND SECURITY
Bureau of Immigration and Customs
Enforcement
District Counsel – Buffalo District
130 Delaware Avenue, Room 203
Buffalo, New York 14202
Attorneys for Respondent

SCULLIN, Chief Judge

_____

[1] At the time that Petitioner commenced this action, although he was subject to a removal order, he was not in custody. Subsequently, on September 23, 2003, he was arrested pursuant to a warrant of removal issued in the removal proceeding and was transported to the Buffalo Federal Detention Facility in Batavia, New York, where the ICE is holding him pending the disposition of this proceeding.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On May 9, 2003, Petitioner filed his petition for a writ of habeas corpus, challenging the former Immigration and Naturalization Services' decision that the crime to which he pled guilty was an aggravated felony within the meaning of the relevant immigration laws and that he was ineligible for discretionary relief from removal under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed).[2]

On December 22, 2004, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that the Court deny and dismiss the petition in all respects. *See* Report and Recommendation, dated December 22, 2004 ("R&R"), at 13.  Specifically, he found that the immigration judge had correctly found that, by entering a plea of guilty to a violation of New York Penal Law § 130.25(2), Petitioner had pled guilty to a crime that constituted an "aggravated felony" within the meaning of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43), and, thus, was subject to removal.  Additionally, Magistrate Judge Peebles concluded that, because Petitioner had entered his guilty plea subsequent to the enactment of both the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), he was not eligible for discretionary relief from removal under former § 212(c) of the INA.  Currently before the Court are Petitioner's objections to that Report and Recommendation.

---

[2] On November 25, 2002, President Bush signed the Homeland Security Act, Pub. L. 107-296, into law.  Among other things, this Act created the Department of Homeland Security.  In addition, pursuant to the Act, on March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved and its functions were transferred to the Department of Homeland Security.

## II. BACKGROUND

Petitioner, a native and citizen of Mexico, was admitted into the United States on July 8,

1994, as a lawful permanent resident alien.  On December 6, 1996, Petitioner entered a plea of

guilty to a single count of engaging in sexual intercourse with another person, to whom he was

not married, who was less than seventeen years of age, in violation of New York Penal Law

§ 130.25(2).  On December 12, 2000, the former Immigration and Naturalization Service ("INS")

commenced a removal proceeding against Petitioner based upon this rape conviction.  Following

a hearing on October 24, 2001, an immigration judge held that Petitioner was subject to removal

as a result of this conviction, finding that this crime constituted an aggravated felony for purposes

of the INA.  The immigration judge also concluded that Petitioner was ineligible for

consideration for discretionary relief from removal under former section 212(c) of the INA and,

therefore, ordered his removal to Mexico.  The Bureau of Immigration Appeals dismissed

Petitioner's appeal of this removal order on December 12, 2002.[3]  This action followed.

## III. DISCUSSION

**A.      Standard of review**

This Court's review is *de novo* with respect to those findings and recommendation in a

magistrate judge's report-recommendation to which a party has filed timely objections and clearly

erroneous with respect to those parts of the report-recommendation to which a party does not

object.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *Thomas E. Hoar, Inc. v. Sara Lee*

---

[3] On April 25, 2003, the Bureau of Immigration Appeals denied Petitioner's subsequent
request to reopen the removal proceedings.

*Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

**B.      Petitioner's plea of guilty to a violation of New York Penal Law § 130.25(2)**

In his Report and Recommendation, Magistrate Judge Peebles concluded that the records

associated with Petitioner's conviction established, without contradiction, that he was convicted

of rape in the third degree in violation of New York Penal Law § 130.25(2), commonly referred

to as New York's statutory rape provision.[4]  *See* R&R at 9-10.  Relying upon the Second Circuit's

holding that a conviction under this statutory provision constitutes an aggravated felony within

the meaning of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43), *see* R&R at 9 (citing *Mugalli v.*

*Ashcroft*, 258 F.3d 52, 56-61 (2d Cir. 2001)), Magistrate Judge Peebles concluded that the

immigration judge's determination that Petitioner was convicted of an aggravated felony was well

supported and should not be disturbed in this habeas proceeding.[5]  *See id.* at 10.

---

[4] Section 130.25 provides, in pertinent part, that

> [a] person is guilty of rape in the third degree when:
>
> * * * * * * * * * *
>
> 2. Being twenty-one years old or more, he or she engages in sexual
> intercourse with another person less than seventeen years old; . . .
>
> * * * * * * * * * *
>
> Rape in the third degree is a class E felony.

N.Y. Penal Law § 130.25 (McKinney 2004).

[5] Magistrate Judge Peebles also noted that Petitioner's attempt to distance himself from
the dispositive impact of *Mugalli* by contending that he pled guilty to forcible rape in the first
degree in violation of New York Penal Law § 130.35(1) was unavailing because such a

(continued...)

Petitioner does not object to this conclusion and, in fact, acknowledges that he is "deemed a person who had committed a particularly serious offense (rape) . . . ."  *See* Objections at 1.

In light of the fact that, pursuant to 8 U.S.C. § 1101, the term "aggravated felony" includes, among other things, the "murder, rape or sexual abuse of a minor," *see* 8 U.S.C. § 1101(a)(43)(A), and the Second Circuit's holding in *Mugalli* that a conviction under § 130.25(2) constitutes an "aggravated felony" for purposes of § 1101, the Court concludes that Magistrate Judge Peebles correctly found that the immigration judge's determination that Petitioner was subject to removal based upon his guilty plea was well supported and should not be disturbed.  Accordingly, the Court adopts Magistrate Judge Peebles' findings and recommendation with respect to this issue.

**C.      Discretionary relief from removal under former § 212(c) of the INA, 8 U.S.C. § 1182(e)**

In his Report and Recommendation, Magistrate Judge Peebles concluded that, despite the fact that Petitioner's guilty plea predated April 1, 1997, the official sunset date of former § 212(c) of the INA, Petitioner was not eligible for discretionary relief from removal under this statutory provision even under the narrow exception that the Supreme Court had carved out for certain aliens in *INS v. St. Cyr*, 533 U.S. 289 (2001).  Specifically, Magistrate Judge Peebles concluded that, unlike the petitioner in *St. Cyr.*, Petitioner had entered his plea of guilty at a time when it was known that discretionary relief from removal would not be available after April, 1997, and

---

[5](...continued)
conviction would still fall within the ambit of an aggravated felony for purposes of the immigration laws.  *See* R&R at 9 (citing 8 U.S.C. § 1101(a)(43)(A)).

therefore, he was not eligible for such relief. *See* R&R at 11.

Petitioner objects to this conclusion, arguing that, under the *Soriano* final rules adopted

on September 20, 2004, he is entitled to § 212(c) discretionary review. *See* Petitioner's

Objections at 1. Specifically, Petitioner asserts that, because he was legally admitted to the

United States more than seven years prior to the removal hearing, he was eligible for a § 212(c)

hearing. *See id.* In addition, Petitioner contends that, under *In Re K-A-*, 23 I. & N. Dec. 661

(2004), the immigration judge had the authority to determine whether he was entitled to an

adjustment and to receive a waiver under § 212(h) because his spouse had filed and the petition

had been approved prior to his physical removal from the United States. *See id.* Finally,

Petitioner claims that the immigration authorities cannot revoke his approved petition for another

I-130 petition that his lawful spouse filed for the purpose of obtaining a denial for other legal

reasons, except public charge. *See id.* (citing *Matter of Isber*, 20 I. & N. Dec. 676 (1993)).

Former § 212(c) of the INA, in pertinent part, provided that "aliens lawfully admitted for

permanent residence who temporarily proceeded abroad voluntarily and not under an order of

deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive

years, may be admitted in the discretion of the Attorney General . . . ." 8 U.S.C. § 1182(c)

(repealed). Although this statute "was literally applicable only to exclusion proceedings," *see St.

Syr*, 533 U.S. at 295, the courts, as well as the Board of Immigration Appeals, have interpreted

this statutory provision "to authorize the Attorney General to grant discretionary relief from

deportation as well." *Beharry v. Ashcroft*, 329 F.3d 51, 54 n.2 (2d Cir. 2003) (citing *INS v. St.

Cyr*, 533 U.S. 289, 295-96, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001); *Francis v. INS*, 532 F.2d

268, 270-71 (2d Cir. 1976); *In re Silva*, 16 I. & N. Dec. 26, 30 (BIA 1976)).

In April 1996, Congress enacted the AEDPA, which "identified a broad set of offenses for which convictions would preclude [§ 212(c)] relief." *St. Cyr*, 533 U.S. at 297. Subsequently, on September 30, 1996, Congress passed the IIRIRA, which "repealed § 212(c), . . ., and replaced it with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens, . . . ." *Id.* (internal citations omitted) However, this new section specifically excludes an alien previously convicted of an aggravated felony. *See id.* (citation omitted); *Swaby v. Ashcroft*, 357 F.3d 156, 159 (2d Cir. 2004) (citations and footnote omitted).

Nonetheless, in *St. Cyr*, the Supreme Court held that § 212(c) relief remained available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. In *St. Cyr*, the defendant pled guilty on March 8, 1996, before the enactment of the AEDPA and the IIRIRA; however, removal proceedings against him were not commenced until April 10, 1997. *See id.* at 293. The Court refused to apply the AEDPA and the IIRIRA retroactively to the defendant because he was convicted prior to the enactment of those statutes, *see id.* at 321-23, reasoning that "it would surely be contrary to 'familiar considerations of fair notice, reasonable reliance, and settled expectations' . . . to hold that IIRIRA's subsequent restrictions deprive them of any possibility of relief." *Id.* at 323-24 (internal citation and other footnote omitted).

Distinguishing the holding in *St. Cyr*, however, the Second Circuit subsequently held in *Khan v. Ashcroft*, 352 F.3d 520 (2d Cir. 2003), that a permanent resident alien who pled guilty to an aggravated felony in November of 1996 was ineligible for § 212(c) relief in light of the

AEDPA, which made such relief "unavailable to any alien who 'is deportable by reason of having committed any criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]." *Id.* at 523 (quoting Pub. L. 104-132, § 440(d), 1100 Stat. at 1277). Therefore, reaffirming its previous decision in *Domond v. INS*, 244 F.3d 81, 85-87 (2d Cir. 2001), the court found that, unlike the situation present in *St. Cyr*, where both the defendant's criminal conduct and guilty plea pre-dated the AEDPA, because Khan pled guilty after the enactment of the AEDPA, he could not have entered his plea in reliance upon the possibility that he would be granted a discretionary waiver. *See id.* at 523-24.

In this case, Petitioner pled guilty to a violation of New York Penal Law § 130.25(2), an aggravated felony, on December 6, 1996, after the enactment of both the AEDPA and the IIRIRA. Thus, like the petitioner in *Khan*, he could not have entered his plea expecting to receive a discretionary hearing concerning his removal under § 212(c). Therefore, the Court concludes that, under the principles set forth in *Domond* and *Khan*, Magistrate Judge Peebles correctly found that Petitioner is ineligible for discretionary relief under former § 212(c). Accordingly, the Court adopts Magistrate Judge Peebles' findings and recommendation regarding this issue.

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report and Recommendation filed in this matter, Petitioner's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' December 22, 2004 Report and

Recommendation is **ADOPTED** in its entirety; and the Court further

      **ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED AND**

**DISMISSED IN ALL RESPECTS**; and the Court further

      **ORDERS** that the Clerk of the Court close this case.


**IT IS SO ORDERED.**


Dated: June 15, 2005
       Syracuse, New York


                  Frederick J. Scullin, Jr.
                  Chief United States District Court Judge